839 F.2d 1242
 127 L.R.R.M. (BNA) 2695, 45 Empl. Prac. Dec. P
37,789,
2 A.D. Cases 582
 George J. RISTOFF, Plaintiff-Appellant,
v.
UNITED STATES of America, Elizabeth Dole, Secretary of the
United States Department of Transportation, and
Lynn J. Helms, Administrator Federal
Aviation Administration,
Defendants-Appellees.
 No. 87-1412.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 10, 1987.
Decided Feb. 11, 1988.
 
 1
 Richard J. Johnson, Pasky & Wood, Aurora, Ill., for plaintiff-appellant.
 
 
 2
 Gail C. Ginsberg, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendants-appellees.
 
 
 3
 Before WOOD and RIPPLE, Circuit Judges, and GORDON, Senior District Judge.*
 
 
 4
 MYRON L. GORDON, Senior District Judge.
 
 
 5
 The appellant, George Ristoff, was employed by the defendant, Federal Aviation Administration (FAA), as an air traffic controller in Aurora, Illinois. A member of the Professional Air Traffic Controllers Organization (PATCO), Mr. Ristoff was one of a large number of air traffic controllers fired in 1981 after PATCO went out on strike against the FAA.
 
 
 6
 Mr. Ristoff appealed his firing to the Merit Systems Protection Board and to the federal district court, contending that he was not a striker and was improperly fired. Mr. Ristoff appeals from the order of the district court granting summary judgment in favor of the FAA.
 
 
 7
 Summary judgment should not be granted if it appears that there is a genuine dispute concerning a material fact. United States v. Articles of Drug, 826 F.2d 564, 569 (7th Cir.1987). This court should view the record and the inferences drawn therefrom in the light most favorable to the non-moving party. We find that the district court committed no error in granting the FAA's summary judgment motion.
 
 
 8
 PATCO commenced its strike against the FAA on August 3, 1981. During Mr. Ristoff's last shift prior to the strike, he approached his shift supervisor, Mr. Bartels, on July 31, 1981, and "reported for sick leave for August 3, 1981, and the week thereafter, because of the immenent [sic] strike." (Affidavit of George Ristoff, para. 29). The supervisor responded that he was unable to give Mr. Ristoff sick leave. Mr. Ristoff was scheduled to work on Monday, August 3, 1981, but he did not report for work at that time or for any of his assigned shifts throughout that week. On August 5, 1981, the FAA granted a moratorium permitting striking controllers to resume their duties on the next regularly scheduled shift and not suffer job loss. Mr. Ristoff did not report to work during the moratorium period, but he did make several appearances on the picket line.
 
 
 9
 On August 8, 1981, Mr. Ristoff spoke with Mr. Halle, another supervisor, after learning that all of the striking controllers were to be fired. Mr. Ristoff did not request sick leave during this conversation, but he stated that he had been in an alcoholic crisis. Mr. Ristoff was subsequently fired by the FAA on the basis that he was absent without leave during the strike.
 
 
 10
 The district court correctly concluded that Mr. Ristoff failed to establish a prima facie case of discrimination. The record clearly establishes that while Mr. Ristoff requested sick leave on July 31, 1981, the request was related to the event of a strike; there is no evidence that at that time, he informed his supervisor of his need for sick leave due to an alcoholic problem. Although Mr. Ristoff subsequently advised his supervisor during the August 8, 1981 conversation that he had been in an alcoholic crisis, he did not request sick leave at that latter time.
 
 
 11
 Mr. Ristoff also contends that the district court used the wrong analysis in determining that the plaintiff had failed to establish a prima facie case of discrimination. Judge Grady treated Mr. Ristoff's claim as one under Section 504 of the Rehabilitation Act, and stated in his ruling of February 18, 1987:
 
 
 12
 In order to make out a case under section 504, plaintiff must demonstrate that: (1) he is a "handicapped individual" under the Act; (2) he is "otherwise qualified" for the program from which he has been excluded; (3) he was excluded "solely" because of his handicap; and (4) the program from which he is excluded is subject to section 504.
 
 
 13
 The district court found that Mr. Ristoff was a handicapped individual, was otherwise qualified to hold a position as air traffic controller and that the FAA was subject to the requirements of the Rehabilitation Act. In its decision, the district court found that the flaw in Mr. Ristoff's effort to present a prima facie case was connected to the third element, quoted above.
 
 
 14
 [T]he facts of this case do not suggest that plaintiff was improperly required to serve as a controller or improperly denied leave during an alcoholic crisis. None of the evidence submitted by plaintiff suggests that defendants were informed that an alcoholic crisis was the reason for plaintiff's absence during the period of the strike. Without such information to rebut the inference that plaintiff was absent from work without excuse and participating in strike activities, defendant's dismissal of plaintiff was not improper. Plaintiff has not made out a prima facie case of handicap discrimination.
 
 
 15
 Mr. Ristoff argues that the district court should have analyzed this case as a section 501 claim of discrimination because the FAA failed to accommodate him. However, Mr. Ristoff never alleged that his claim was based on section 501, or 504 for that matter. Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 791 encourages federal employers to hire or to advance employees with handicaps. Mr. Ristoff correctly contends that the denial of sick leave to an alcoholic who has requested it in order to obtain treatment may constitute a prima facie showing of discrimination based on a handicap as held by the United States Merit Systems Protection Board in Ruzek v. General Services Administration, 7 M.S.P.B. 307, 7 M.S.P.R. 437 (1981). However, Mr. Ristoff totally failed to demonstrate that his request for sick leave was for the purposes of obtaining treatment for his alcoholism. There is simply no dispute in the record on this material fact: Mr. Ristoff's only express request for sick leave was related to the event of the strike, not to his alcoholism.
 
 
 16
 Mr. Ristoff apparently would have the rule be that a mere request for sick leave by a person with a handicap, and the subsequent denial of sick leave, is sufficient to establish a prima facie case of handicap discrimination. The fact that a handicapped person asks for sick leave does not necessarily mean that the purpose of the sick leave is connected to his handicap. Persons with handicaps must, indeed, be given reasonable accommodation. In this case, the denial of sick leave can not reasonably be construed as a failure to accommodate a handicapped person because Mr. Ristoff's request for sick leave was specifically correlated to the strike.
 
 
 17
 Accordingly, the order granting summary judgment in favor of the defendant, Federal Aviation Administration, is affirmed.
 
 
 18
 RIPPLE, Circuit Judge, concurring.
 
 
 19
 The ultimate issue presented in this case is not whether Mr. Ristoff requested and was wrongfully denied sick leave. Rather, as Mr. Ristoff submits, the issue is whether the FAA failed to accommodate reasonably Mr. Ristoff's handicap. The record makes clear, when read in totality, that the FAA did not fall short in this regard.
 
 
 20
 Particularly telling is the testimony of Mr. Halle, one of Mr. Ristoff's supervisors. Several weeks before the strike, Mr. Halle told Mr. Ristoff that sick leave would not be available in the advent of a strike, but that Mr. Ristoff should keep him informed of his state of readiness as the strike date approached. R.54 (deposition of Leroy Halle at 41); R.49 (deposition of George Ristoff at 111-12). Despite having been so told, Mr. Ristoff's subsequent conversation on July 31 with Mr. Bartels focused entirely on sick leave--an alternative already precluded by Mr. Halle. The record then demonstrates that Mr. Ristoff made no real effort to secure other arrangements, even though he had been told that they were possible. Instead, the record shows that, on repeated occasions, he joined his colleagues at their strike demonstrations. R.49 (deposition of George Ristoff at 98, 102-03).
 
 
 21
 Under these circumstances, the record establishes as a matter of law that the agency did not fail to accommodate reasonably Mr. Ristoff's condition. On that ground, I am pleased to join the judgment of the court.
 
 
 
 *
 The Honorable Myron L. Gordon, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation