976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David E. CONDER, Plaintiff-Appellant,
v.
Marvin RUNYON, Postmaster General,**
Defendant-Appellee.
 No. 91-1139.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.*
Decided Sept. 18, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff David Conder appeals the district court's grant of summary judgment in favor of defendant Marvin Runyon. We affirm.
 
 Background
 
 2
 This lawsuit arises from Conder's unsuccessful attempt to secure employment with the United States Post Office (USPO) in Terre Haute, Indiana. Because Conder is permanently disabled due to childhood polio, he was eligible to be considered through both the competitive process and a special non-competitive program for employing severely handicapped individuals. The competitive process requires an applicant to take a written examination for each position sought. Applicants who pass are then placed on a hiring register in the order of their test scores. As jobs come open, they are filled from the register. Most handicapped persons are hired through the competitive process.
 
 
 3
 However, handicapped individuals may also be hired through the non-competitive hiring program upon their request. They are then referred to the Veterans Administration or the Indiana Division of Vocational Rehabilitation (DVR) for possible certification as severely handicapped. When the USPO requests a non-competitive hire, the VA or DVR will recommend certified severely handicapped individuals qualified to fill the position, whose names are placed on a special register. The appointment is made from this list.
 
 
 4
 Conder first applied for a position as a carrier/clerk in June 1984. At the time of his initial application and several times subsequent, he was told of the examination requirement and encouraged to watch the newspaper for job availability and test dates. In July 1984, he was certified as severely handicapped and qualified to work as a distribution clerk but did not get a job. In June or July 1986, he took a rural carrier test. Other than this, he never took a qualifying examination.
 
 
 5
 In September 1985, the USPO-Terre Haute decided to use the non-competitive process to fill the position of clerk-typist. In requesting referrals of severely handicapped individuals qualified to perform the job from the DVR, the USPO specifically asked about Conder's qualifications. However, the DVR did not certify Conder as qualified or refer him for the job. On March 15, 1986, they hired a qualified handicapped person to fill the position. On March 19, 1986 Conder filed a formal complaint with the Equal Employment Opportunity Commission (EEOC). After receiving a right to sue letter from the EEOC, Conder brought this suit in federal court.
 
 Discussion
 
 6
 We review the district court's grant of summary judgment de novo drawing all reasonable inferences in favor of the non-moving party. New Burnham Prairie Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and the non-moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If a movant properly supports his motion, the respondent must set forth specific facts which show that a genuine issue of material fact remains. Fed.R.Civ.P. 56(e).
 
 
 7
 The gist of Conder's complaint is that he was discriminated against because of his disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. In order to make a prima facie case of discrimination under the Rehabilitation Act and therefore survive a motion for summary judgment, Conder must show that he is a qualified handicapped person, and that he was not hired because of his handicap. Ristoff v. United States, 839 F.2d 1242, 1243 (7th Cir.1988). A qualified handicapped person is one who can fulfill the essential functions of the job, with or without reasonable accommodation. 29 C.F.R. § 1613.702(f). The undisputed facts show that Conder cannot meet this burden.
 
 
 8
 Although Conder contends that he was qualified for "several jobs," the undisputed facts do not support his claim. Under the non-competitive hiring program, he was certified as qualified for one position--distribution clerk. Conder did not allege nor did he submit evidence that a distribution clerk was in fact hired during the period in question or that Conder did not get the job because he is handicapped. In contrast, defendant presented uncontradicted evidence that distribution clerk positions are generally filled through a collective bargaining agreement and are not offered to applicants off the street.
 
 
 9
 It is also undisputed that the DVR did not certify Conder as "qualified" for the September 1985 clerk-typist position, despite the USPO's specific inquiry as to his qualifications. Without the DVR's certification, Conder was not qualified to be considered under the USPO non-competitive program. Conder admits that he cannot type 40 w.p.m. and therefore does not satisfy the primary qualification for the clerk-typist position.
 
 
 10
 Although Conder did take a rural carrier examination in June or July 1986, this is outside the period of alleged discrimination and after he filed his formal complaint with the EEOC, and therefore it cannot be raised in this lawsuit. See Taylor v. Western and Southern Life Ins. Co., Slip.Op. No. 90-3859 and 91-1057 (7th Cir. July 13, 1992). Even if his allegations had included this period, he has failed to articulate any specific facts or circumstances to support a claim of discrimination. He has not shown that he passed the test or that he was refused a position because of his handicap.
 
 
 11
 Because Conder did not take any other examinations, he cannot claim that he was qualified for other unnamed positions. Officials at the USPO-Terre Haute repeatedly encouraged him to take examinations and participate in the competitive process and encouraged him to apply to larger facilities where more jobs were available. Instead, Conder chose to limit his participation to the non-competitive program.[1]
 
 
 12
 For the same reasons, Conder's ADEA claim fails. To establish a prima facie case that he was not hired because of his age, he must prove 1) that he is within the protected age group; 2) that he applied for and was qualified for a position for which the employer sought applicants; and 3) that the employer hired someone not in the protected age group. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Caldwell v. National Association of Home Builders, 771 F.2d 1051, 1056 n. 2 (7th Cir.1985). Because Conder cannot show that he applied for or was otherwise qualified for any position except the distribution clerk, and because there is no evidence that a younger applicant was offered the position, the defendant is entitled to summary judgment.
 
 
 13
 In the portion of his brief titled "Miscellaneous Information" Conder lists various federal and state laws which he claims to be suing under. However, he has not attempted to make an argument with regard to any of these claims and therefore they are waived. Fed.R.App.P. 28; United States v. Papia, 910 F.2d 1357 (7th Cir.1990).
 
 Conclusion
 
 14
 Because Conder failed to produce any evidence from which the court could infer that the USPO discriminated against him on any basis, defendant Runyon is entitled to judgment as a matter of law. The decision of the district court granting his motion for summary judgment is
 
 
 15
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Marvin Runyon has been substituted for Anthony M. Frank pursuant to Fed.R.App.P. 43(c)(1)
 
 
 [1]
 To the extent that Conder attempts to prove discrimination on a disparate impact theory, he fails. His unsupported allegation that no handicapped individuals have been hired in the last five years is directly contradicted by sworn testimony that three handicapped individuals have been hired in the recent past