119 F.3d 6
 10 NDLR P 237
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael LABRUCHERIE, Plaintiff-Appellant,
v.
The Regents of the University of California, dba Lawrence
Livermore National Laboratory, Defendant-Appellee.
 No. 95-16882.
 United States Court of Appeals, Ninth Circuit.
 July 14, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-01533-SC; Samuel Conti, District Judge, Presiding.
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Labrucherie appeals the district court's summary judgment in favor of the Regents of the University of California ("the University"), dba Lawrence Livermore National Laboratory ("Livermore Lab"), in his Americans with Disabilities Act ("ADA") action alleging Livermore Lab terminated him because of his disability, alcoholism. We affirm.
 
 
 3
 We need not decide whether Labrucherie was a qualified individual with a disability at the time of his termination, for even assuming that he was, he has failed to produce any evidence that he was terminated because of his disability. The evidence shows, and Labrucherie admits, that Livermore Lab fired him because of his incarceration after his third arrest for driving under the influence of alcohol.[1] But Labrucherie contends that because his drunk driving and resulting incarceration were causally connected to his disability, alcoholism, this necessarily means that Livermore Lab fired him because of his disability.
 
 
 4
 The ADA, however, specifically states that an employer may hold an alcoholic employee to the same standards as other employees "even if any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee." 42 U.S.C § 12114(c)(4). Moreover, we have held that a termination based on misconduct stemming from a disability, rather than the disability itself, is valid. See, e.g., Newland v. Dalton, 81 F.3d 904, 906 (9th Cir.1996) (holding that Navy, did not violate Rehabilitation Act by terminating alcoholic employee for firing assault rifle at individuals in bar); Collings v. Longview Fibre Co., 63 F.3d 828, 831-35 (9th Cir.1995) (holding that employer did not violate ADA by terminating employees because of drug-related misconduct).
 
 
 5
 In addition, Livermore Lab attempted to reasonably accommodate Labrucherie's alcoholism. It referred him to the Employee Assistance Program several times for counseling, gave him non-driving tasks, reassigned him temporarily to an administrative position in a different program, and granted him a leave of absence to attend a treatment center. See Fuller v. Frank, 916 F.2d 558, 561 (9th Cir.1990) ("In the context of alcoholism, 'reasonable accommodation' must be limited in scope; continued 'accommodation' would simply enable an alcoholic to continue his or her drinking."). Nor did Livermore Lab have a duty to approve Labrucherie's final request for leave, because it coincided with his incarceration and was not for the purpose of obtaining treatment. See, e.g., Ristoff v. United States, 839 F.2d 1242, 1244 (7th Cir.1988) (holding that employer's denial of sick leave to alcoholic was not discriminatory because employee failed to demonstrate that requested leave was for purposes of obtaining treatment). Even if we accept Labrucherie's argument that his supervisor granted his leave proposal, the record is clear that he understood such a request had to be formally approved and that no such approval was given. Furthermore, all of Labrucherie's complaints in this matter were addressed in an internal grievance process and were decided against him.
 
 
 6
 Finally, the district court correctly dismissed Labrucherie's state law claims. Reversing our prior holding in Doe v. Lawrence Livermore National Laboratory, 65 F.3d 771 (9th Cir.1995), the Supreme Court held that the federal government's agreement to indemnify the University against the costs of litigation, including adverse judgments, does not divest the University of Eleventh Amendment immunity. Regents of the University of California v. Doe, 117 S.Ct. 900 (1997).
 
 
 7
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Specifically, Labrucherie was unable to report to work for more than five days without a permissible excuse, which was a violation of a Livermore Lab policy