**Roosevelt RANDLE, Plaintiff–Appellant,**

v.

**Lloyd M. BENTSEN, Secretary of Treasury, Margaret M. Richardson, Commissioner of the Internal Revenue Service, Gary Jurovich, et al., Defendants–Appellees.**

No. 93–1578.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1993.

Decided March 22, 1994.

Howard B. Levy (argued), Chicago, IL, for plaintiff-appellant.

Eileen M. Marutzky, Asst. U.S. Atty., Crim. Div., Chicago, IL, Katherine S. Gruen-

heck (argued), Dept. of Justice, Civ. Div., Appellate Section, Stephen G. Harvey, Dept. of Justice, Ann M. Gulyassy, U.S. Dept. of Justice, Federal Programs Branch—Civil Div., Barbara C. Biddle, Deborah R. Kant, Dept. of Justice, Appellate Staff, Civ. Div., Washington, DC, for defendants-appellees.

Before ESCHBACH, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

Roosevelt Randle is legally blind. He obtained a job with the IRS under a handicapped affirmative action program. He never told the IRS that he was facing criminal charges in Mississippi for stealing hubcaps and that he had been fired from his previous job. In fact, he verified on employment forms that he was not facing criminal charges and that he had only been laid off from his previous job. When the IRS discovered these discrepancies, it refused to promote Randle and ultimately fired him. Randle filed a claim for handicapped discrimination which made its way to the district court. While motions for summary judgment were pending, the district court dismissed the complaint, concluding that the Federal Circuit had exclusive jurisdiction to hear the matter. Randle appeals. We reverse and remand with instructions to the district court to rule on the pending motions for summary judgment.

## I. Background

Unbeknownst to the IRS, Roosevelt Randle had an undisclosed past when he presented himself to the agency for employment. The IRS knew that Randle was legally blind; it hired him in 1987 under an affirmative action program for handicapped people. What the IRS did not know was that Randle had a checkered work history and there was an outstanding warrant for his arrest. Randle made sure the IRS did not find out about his past. In forms he filled out to obtain employment, Randle swore under oath that he was not facing charges for violating criminal laws, and that he had been laid off from his previous job. In truth, Randle was under indictment for grand larceny in Mississippi

for stealing hubcaps and he had been fired from his previous job.

His past notwithstanding, Randle spent several productive years as an IRS employee. His career began in February of 1987 as a temporary tax auditor. Within six months he was promoted into the position of Schedule A Tax Auditor. Two years later, his employment status was upgraded to career conditional. By all accounts, Randle was doing a good job. But in the midst of his progress, his past caught up with him. In July of 1989, Randle was arrested in Chicago on the 7–year–old hubcap charge. Eventually, he pleaded guilty and was placed on probation for one year. Meanwhile, the Office of Inspector General, Department of Treasury, conducted a background check on Randle. The investigation uncovered the discrepancies in Randle's employment forms. The Inspector General prepared a report disclosing its findings, and recommending Randle's dismissal.

With all of this going on, Randle applied for promotion to the position of Revenue Agent. He was scheduled to interview for the job on November 7, 1990. But on November 1, Randle's boss—who had been informed of the Inspector General's findings—issued a notice proposing Randle's dismissal. Undaunted, Randle reported for his interview. He was rated highly by his interviewers. But the person responsible for making the promotion decision received information about Randle's troubles. He sent Randle a letter, informing him that another candidate was chosen for the promotion. Soon after that the IRS fired Randle. It gave as its reason the false statements in his employment forms.

Randle believed he was not promoted and then fired for reasons not given by the IRS. He blamed the adverse employment decisions on handicap discrimination. He complained to the Equal Employment Opportunity Counselor, but the Regional Complaint Center of the IRS issued a finding of no discrimination. Randle then brought his case to the Merit Systems Protection Board (the Board), an administrative body which reviews suspension and removal of civil servants. An administrative law judge heard

the case, and found that the failure to promote and the termination were reasonable in light of the falsifications on the employment forms. Randle appealed that decision to the full Board, which denied the appeal. Usually, only the Federal Circuit has jurisdiction to hear appeals from the Board. 5 U.S.C. § 7703(b)(1). But in cases of discrimination or in mixed cases of discrimination and other claims, the losing party may file his appeal in any appropriate federal court. 5 U.S.C. § 7703(b)(2). After denying his appeal, the Board informed Randle that he could file his claim in the appropriate federal court.

Randle took advantage of his opportunity for judicial review. He filed a *pro se* lawsuit in the Northern District of Illinois, asserting jurisdiction under 5 U.S.C. § 7703(b)(2), because the complaint included both allegations of discrimination and other claims. But the complaint was not skillfully drafted; it was difficult to discern the exact nature of Randle's allegations. Randle amended the complaint once, to assert new claims, but this did not clear up the confusion. The district court dismissed the complaint, without prejudice, and gave Randle leave to file another one. Randle filed another complaint—again *pro se*—making the same claims as before. This time the pleading, though still somewhat disjointed, was marginally sufficient. Generally, as to his discrimination claims, Randle alleged that he was terminated because the promotion he sought involved driving a car. He claimed that the IRS failed to promote him and eventually fired him because it did not want to accommodate a blind man in this position.

After a brief period of discovery, the parties filed cross-motions for summary judgment. The IRS submitted uncontested evidence that Randle had lied on his employment forms. The IRS also submitted an uncontroverted affidavit from Randle's boss, stating that the IRS gave no consideration to whether Randle could drive when making the adverse employment decisions. Randle simply continued to make the same allegations as were in his complaint. Although the issues were clear, the district court never ruled on the cross-motions. Instead, while the motions were pending, the district court issued an order to show cause why the case should not be dismissed for lack of jurisdiction. Apparently, the district court was concerned that Randle's discrimination claims were frivolous on their face. If so, the complaint really was not for discrimination; it simply sought to challenge the IRS's adverse employment decisions, thus confining jurisdiction to the Federal Circuit.

After the parties responded, the court dismissed the complaint, pursuant to its order to show cause. Essentially, the court determined that Randle failed to state a claim for discrimination. Once the discrimination claims were eliminated, the district court concluded that only the Federal Circuit had jurisdiction over the other claims, because this was no longer a case involving discrimination.[1] Randle appeals that decision. He claims that his complaint stated a claim for discrimination, and therefore the district court had jurisdiction to consider it.

## II. Analysis

Basically, the district court determined that it lacked jurisdiction to hear this case because the Federal Circuit had exclusive jurisdiction. In other contexts, courts have determined whether the Federal Circuit has

---

1. Although the district court was not clear which rule it relied on in dismissing the discrimination claims, the language it used in its order suggested Rule 12(b)(6): failure to state a claim upon which relief can be granted. Indeed, the court spoke of a "fail[ure] to allege facts which, if proven, would comprise even a minimum *prima facie* case of handicap discrimination." There was some discussion at oral argument about whether the court relied on Rule 12(b)(1)—lack of jurisdiction over the subject matter—to dismiss the complaint. True, the court ultimately dismissed the complaint after concluding it lacked jurisdiction over the subject matter. But it only reached this conclusion after determining that Randle did not state a claim for handicap discrimination. It follows that if Randle actually did state a claim for handicap discrimination, the court would not have dismissed for lack of subject matter jurisdiction. Therefore, in considering the jurisdiction question, we must review the district court's conclusion that Randle failed to state a claim for handicap discrimination. *Cf. Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir.1986) (motions made under Rule 12(b)(1) attacking the merits of a complaint should be treated as 12(b)(6) motions).

exclusive jurisdiction to hear a case by viewing the allegations of the well-pleaded complaint. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988); *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574 (7th Cir.1991) (patent cases). We borrow this principle here: if Randle's well-pleaded complaint had no real allegation of discrimination, then the Federal Circuit had exclusive jurisdiction. 5 U.S.C. § 7701(b)(1). If, on the other hand, the well-pleaded complaint had an allegation of discrimination, then the district court was allowed to hear the case. 5 U.S.C. § 7703(b)(2). We are mindful that the "mere mention of discrimination" should not suffice to vest jurisdiction with the district court. *Hill v. Department of Air Force*, 796 F.2d 1469, 1471 (Fed.Cir.1986). The complaint should properly allege a discrimination claim; if it does not, the discrimination claim should be dismissed. Following that, the non-discrimination claims might also be dismissed, because without the discrimination claims, such claims belong in the Federal Circuit. *Cf. Hill*, 796 F.2d at 1471; *Afifi v. United States Dept. of Interior*, 924 F.2d 61, 64 (4th Cir.1991).[2]

Although somewhat disjointed, Randle's complaint does make allegations about discrimination. In its appellate brief, the IRS concisely summarizes these allegations:

[t]he essence of plaintiff's handicap discrimination claim is that plaintiff applied for the position of revenue agent; that position required operation of a motor vehicle; since plaintiff had a visual deficit, the agency would have to accommodate plaintiff in that position as to that requirement, but did not want to do so; as a pretext, the agency used information of agency code of conduct violations found in the course of the agency's drawn-out background investigation to remove plaintiff in order to avoid having to promote him to a position that required accommodation.

The district court dismissed these discrimination allegations for failure to state a claim,

then dismissed the other claims for lack of subject matter jurisdiction. The court concluded that "[a]fter carefully reviewing the amended complaint (including twenty-six appended exhibits), the pleadings, and the record, the court concludes that Randle fails to allege facts which, if proven, would comprise even a minimum *prima facie* case of handicap discrimination." We review a district court's dismissal for failure to state a claim *de novo*. *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir.1992). In conducting our review, we accept all material allegations made in the complaint as true, and we draw all reasonable inferences from these allegations in the plaintiff's favor. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir.1992). We will affirm the court's dismissal if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Randle sought relief on his handicap discrimination claims under the Rehabilitation Act, 29 U.S.C. §§ 701–797b. The district court summarized the elements of handicap discrimination: "[t]o establish a *prima facie* case of discrimination under the Rehabilitation Act, Randle must demonstrate that (1) he is handicapped within the meaning of the Act; (2) he is otherwise qualified for the position at issue (in Randle's instance, promotion to revenue agent or retention as a tax technician); and (3) he was excluded or discharged from the position solely because of his handicap." *See also Ristoff v. United States*, 839 F.2d 1242, 1243–44 (7th Cir.1988); *Pushkin v. Regents of University of Colorado*, 658 F.2d 1372, 1385 (10th Cir.1981). The district court determined that the complaint failed the third element: "Randle has alleged no facts indicating that he was excluded from the revenue agent position and discharged by the IRS *solely* because of his handicap." But this conclusion overlooks the motion to dismiss standard. Randle did allege that he

---

2. We make no determination whether the district court may retain jurisdiction after dismissing the non-discrimination claims, or whether jurisdiction then resides exclusively in the Federal Circuit. The parties have not asked us to resolve

this issue, and the issue is not otherwise before us. We merely point to the Fourth Circuit's decision in *Afifi* as guidance for future litigants facing this question.

was refused promotion and ultimately discharged solely because of his handicap. Under his theory, the IRS's reliance on misrepresentations in his employment forms was merely a pretext to hide its discriminatory motive. We are required to accept these allegations as true, even if they appear unlikely. The district court did not give these allegations sufficient regard; therefore it erred in dismissing the discrimination claims.

The district court's concerns about the viability of the discrimination claims were well-founded in light of the unrefuted evidence about Randle's misrepresentations on his employment forms. But any concerns the district court had about the strength of Randle's discrimination claims should have been addressed on summary judgment, where Randle would no longer be entitled to rely merely on allegations. *See Landefeld v. Marion General Hosp., Inc.,* 994 F.2d 1178, 1181 (6th Cir.1993) ("[w]ithout proof that plaintiff was suspended solely on the basis of his handicap, plaintiff can not make out a *prima facie* case of handicap discrimination.") Instead of addressing the pending motions for summary judgment, the district court reversed course and dismissed the discrimination claims. Because the complaint adequately stated a claim for handicap discrimination the district court erred. We remand to the district court to resolve the summary judgment issues. If Randle's discrimination claims do not survive the motion for summary judgment, the court may then dismiss the other claims for lack of subject matter jurisdiction. *See Afifi,* 924 F.2d at 64.

### III. Conclusion

For the foregoing reasons, we reverse and remand with instructions for the district court to rule on the pending motions for summary judgment.

REVERSED AND REMANDED.