### Roosevelt RANDLE, Plaintiff,

v.

### Lloyd M. BENTSEN, Secretary of Treasury, Margaret M. Richardson, Commissioner of the Internal Revenue Service, Gary Jurovich, et al., Defendants.

#### No. 91 C 5757.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 18, 1994.

Thomas J. Lipscomb, Howard B. Levy, Law Offices of Howard B. Levy, Chicago, IL, for plaintiff.

Roosevelt Randle, pro se.

Eileen M. Marutzky, Stephen G. Harvey, Asst. U.S. Attys., Chicago, IL, for all defendants except I.R.S.

Anne M. Gulyassy, Eric J. Mahr, Dept. of Justice, Washington, DC, for I.R.S.

## *MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

Roosevelt Randle sues Lloyd M. Bentsen, the United States Secretary of Treasury, and Margaret M. Richardson, Commissioner of the United States Internal Revenue Service ("the IRS") (collectively "the defendants") for disability discrimination. Randle sues under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, contending that the IRS failed to promote him and then dismissed him because he is legally blind. Randle also claims that the defendants violated the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA") by withholding relevant documents. The defendants move for summary judgment.[1]

### *BACKGROUND*

Randle is legally blind. *See* Randle Aff., ¶ 4. On February 17, 1987, Randle was hired by the IRS as a tax technician in the examination division of the IRS' Chicago office. *See* Def. Rule 12(m) Stmt., ¶ 10.[2] After working for the IRS for three years, Randle applied for a position as a revenue agent; he interviewed for the position on November 7, 1990. *Id.,* ¶ 15. The day before his interview, Randle received notice (by letter dated November 1, 1990) that the IRS planned to institute an adverse personnel action against him. *Id.,* ¶ 10.

The IRS charged that Randle had violated its rules of conduct by making false and misleading statements on employment documents. *See* Def. Rule 12(m) Stmt., ¶ 10. The IRS charged that Randle had provided false and misleading statements on both his employment application, which he submitted in February 1986, and his security investigation form, which he completed after he assumed his position. *Id.,* ¶¶ 5–6, 10. Specifically, the IRS charged that Randle: (1) failed to disclose an outstanding arrest warrant (to which he has since pled guilty); (2) failed to disclose that he had been fired by a previous

---

1. Randle also moved for summary judgment and subsequently filed a second amended complaint. Because Randle amended his complaint *after* moving for summary judgment, the court deems his summary judgment motion moot.

2. The IRS has filed an amended memorandum in support of its motion for summary judgment (in light of Randle's second amended complaint) but relies upon the statement of uncontested facts it filed in October 1992.

employer; and (3) misrepresented his reasons for leaving another previous position. *Id.*, ¶¶ 6–9, 11–14.

During the investigation, Randle admitted that there had been an outstanding arrest warrant against him, and acknowledged that he had been fired—not laid off—from a previous position. *See* Def. Rule 12(m) Stmt., ¶¶ 11–13. However, Randle attests that at the time he completed his employment application, he was unaware of the arrest warrant and misunderstood the reasons for his prior termination. *See* Randle Aff., ¶¶ 17–27. Thus, Randle argues that he answered the questions "completely and correctly to the best of his knowledge and belief." *Id.*, ¶ 23.

The IRS district director sustained three of the four allegations asserted against Randle in the adverse action.[3] *See* Def. Rule 12(m) Stmt., ¶ 14. Based on his factual findings, the district director discharged Randle from his position. *Id.* Prior to his dismissal, Randle interviewed for the position of revenue agent, and subsequently learned that he had not been selected for that position even though he was found qualified by the interviewers. *See* Answer, ¶¶ 29–30. The IRS official who declined to offer the position to Randle later testified that Randle was not selected because of the adverse action against him. *See* Def. Rule 12(m) Stmt., ¶ 16. The same official also testified that he was not aware of Randle's visual impairment when he made the decision. *Id.*

After his discharge, Randle filed a complaint with the IRS' Regional Complaint Center,[4] and then appealed to the IRS' Merit Systems Protection Board ("the merit board"). In May 1991 an administrative law judge ("the ALJ") conducted a hearing. In June 1991, the ALJ issued the merit board's initial decision, affirming two of the IRS' reasons for firing Randle, and finding that Randle had not demonstrated any meritorious affirmative defenses. Consequently, the ALJ found that Randle failed to establish a *prima facie* case of disability discrimination.[5]

On May 16, 1991, Randle sent a FOIA request to the IRS' Washington, D.C. headquarters, requesting copies of his background investigation report, including all attachments to the report and all information used in generating the report. *See* Answer, ¶ 72. On June 5, 1991, the IRS responded to the FOIA request by producing an edited copy of the background investigation report; the IRS withheld two exhibits. *Id.*, ¶ 74. On July 23, 1991, Randle tendered a second FOIA request, seeking all documents within the IRS' control regarding the adverse personnel action against him. *Id.*, ¶ 76. Subsequently, the IRS released documents and information, but withheld selected documents—purportedly in reliance on FOIA exemptions. *See* Def. Rule 12(m) Stmt., ¶ 19.

In September 1991, Randle filed suit in this court, claiming that the defendants discriminated against him by declining to promote him and firing him, in violation of the rehabilitation act. Randle also asserted FOIA violations. The court dismissed the action without prejudice. *See* Memorandum Opinion and Order, No. 91 C 5757, 1992 WL 37444 (N.D.Ill. Feb. 19, 1992). Randle subsequently filed an amended complaint in July 1992, and in September 1992, moved for summary judgment on Count III.[6] In response,

---

3. The district director rejected allegations that Randle had failed to disclose he had a dependent child.

4. In June 1991, the Regional Complaint Center denied Randle's claim that he was overlooked for the revenue agent position on the basis of his disability. Randle later withdrew his request for an EEOC hearing regarding the discrimination complaint.

5. Randle petitioned the merit board for review of the ALJ's decision. On September 30, 1991, the merit board denied Randle's petition on procedural grounds, rendering final the ALJ's initial decision. In his prior complaints, Randle contested the merit board's decision. In his second

amended complaint, Randle does not contest the merit board's decision. Accordingly, this action no longer involves a challenge to the merit board's decision.

6. Randle previously moved for summary judgment on all three counts. Randle's three separate motions were denied without prejudice for failure to comply with Local Rule 12(m). *See* Order, No. 91 C 5757 (N.D.Ill. Aug. 20, 1992). The court took Randle's renewed summary judgment motion under advisement, although the motion was never properly filed with the clerk of court. The motion was not ruled upon in light of the order dismissing the action for lack of jurisdiction. In light of Randle's second amended

the IRS filed a cross-motion for summary judgment on all three counts.

Before ruling on the motions, the court issued a rule to show cause why the case should not be dismissed for lack of subject matter jurisdiction; upon a return of the rule to show cause, the court dismissed the action for lack of jurisdiction. *See* Memorandum Opinion and Order, No. 91 C 5757, 1993 WL 8196 (N.D.Ill. Jan. 8, 1993) at 6–9 (citing *Hill v. Department of Air Force,* 796 F.2d 1469 (Fed.Cir.1986) (Federal Circuit has exclusive jurisdiction in IRS appeal when plaintiff fails to allege discrimination)).

On appeal, the Seventh Circuit reversed this court's decision dismissing the action. *See Randle v. Bentsen,* 19 F.3d 371 (7th Cir.1994). The Seventh Circuit found that Randle had sufficiently alleged discrimination in his amended complaint, and it therefore was error to dismiss the action for lack of subject matter jurisdiction. *See Randle,* 19 F.3d at 374–75. The Seventh Circuit remanded for resolution of summary judgment issues. *Id.* at 375. After remand, Randle filed a second amended complaint, and the defendants filed an amended memorandum in supporting its pending motion for summary judgment.

### DISCUSSION

■ In ruling on a motion for summary judgment, the court must "decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994). The court grants summary judgment pursuant to Fed. R.Civ.P. 56(c) when the moving papers indicate that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Unterreiner v. Volkswagen of America, Inc.,* 8 F.3d 1206, 1209 (7th Cir.1993). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

complaint, the court now deems the motion

■ In ruling on a motion for summary judgment, the court considers all evidence in the light most favorable to the nonmoving party. *See Robinson v. PPG Industries, Inc.,* 23 F.3d 1159, 1162 (7th Cir.1994). Once the defendants meet their burden of production, the plaintiff must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

### 1. Rehabilitation Act

Counts I and II of Randle's second amended complaint are discrimination claims under the rehabilitation act. *See* 29 U.S.C. § 794. In Count I, Randle alleges that the defendants violated the rehabilitation act by failing to select him for the revenue agent position he sought. In Count II, Randle asserts that the defendants violated the rehabilitation act by dismissing him. In both counts, Randle maintains that the defendants' conduct was motivated solely by his disability.

■ To establish a *prima facie* discrimination claim under the rehabilitation act, Randle must show: (1) that he is disabled within the meaning of the act; (2) that he is otherwise qualified for the position(s) at issue; and (3) that he was excluded from a position or discharged solely because of his disability. *See Randle v. Bentsen,* 19 F.3d 371, 374 (7th Cir.1994); *Ristoff v. United States,* 839 F.2d 1242, 1243 (7th Cir.1988). The defendants concede that Randle is disabled and that he was qualified both for the position he held and for the revenue agent position he sought. *See* Def.Amended Brief at 12 n. 10. However, the defendants argue that the undisputed evidence establishes that Randle was not passed over for promotion or fired because of his disability. The defendants' position has merit. Accordingly, summary judgment is warranted.

■ The uncontested evidence establishes that the IRS' employment decisions were not based on Randle's disability. The undisput-

moot. *See* note 1.

ed evidence demonstrates that the employment decisions were based on the IRS' belief that Randle had lied on his employment applications. The district director—the person who made the decision to fire Randle—testified that Randle was dismissed because of inconsistencies on his employment application, not because of his disability. *See* Def. Ex. A., Wintrode Dep. at 4–5, 8. Similarly, the chief of the examination division—the person who originally proposed Randle's dismissal and who decided not to select Randle for the revenue agent position—testified that Randle was passed over for promotion because of the proceedings against him. *See* Def. Ex. 7, Jurovich Testimony at 57–58. In fact, the chief of the examination division testified that he was not even aware of Randle's disability at the time he decided not to select Randle for the position. *Id.* at 67.

Randle fails to present evidence to contest the defendants' evidence. Instead, Randle responds by asserting that he completed the employment forms truthfully. *See, e.g.,* Randle Aff., ¶¶ 17–27. Randle's assertion, if true, would not raise a genuine issue of material fact precluding summary judgment. Even if Randle did attempt to complete his employment application honestly, it is undisputed that the officials responsible for his promotion and his dismissal *believed* that Randle had withheld pertinent information. Randle presents no evidence suggesting that the IRS officials responsible for his lack of promotion and dismissal were motivated by his disability; in opposing the summary judgment motion, Randle cannot merely rely on the allegations in his complaint. *See Randle v. Bentsen,* 19 F.3d 371, 375 (7th Cir. 1994).[7] Thus, despite Randle's contention that he did not intend to lie on his employment forms, it is undisputed that he was not discriminated against "solely by reason of ... his disability." 29 U.S.C. § 794; *see also Landefeld v. Marion General Hospital, Inc.,* 994 F.2d 1178, 1181–82 (6th Cir.1993) (summary judgment proper on rehabilitation act claim when undisputed evidence established

that decisionmaker was unaware of plaintiff's disability). Even if Randle intended to complete his employment application honestly, he fails to present evidence suggesting that the decisionmakers took adverse actions against him because he is disabled. Thus, he cannot establish a *prima facie* rehabilitation act claim.

**2. FOIA**

■ In Count III of the second amended complaint, Randle claims that the defendants violated FOIA by withholding documents he requested. FOIA requires federal agencies to make documents "available for public inspection." *See* 5 U.S.C. § 552(a)(2). It is undisputed that Randle requested documents, that some documents were produced, and that other documents and portions of documents were withheld. Accordingly, the burden falls on the defendants to demonstrate that the documents it withheld are exempt from disclosure. *See* 5 U.S.C. § 552(a)(4)(B); *John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 152, 110 S.Ct. 471, 475, 107 L.Ed.2d 462 (1989).

■ The defendants argue that they were justified in withholding documents pursuant to two FOIA exemptions. Agencies are exempted from producing "records or information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy," or that "could reasonably be expected to disclose the identity of a confidential source." 5 U.S.C. § 552(b)(7)(C) and (b)(7)(D). Although most FOIA exemptions must be construed narrowly, the confidential source exemption is applied "robustly." *See Brant Const. Co. v. EPA,* 778 F.2d 1258, 1262 (7th Cir.1985).

■ The defendants meet the burden of justifying their nondisclosures through the submission of a *Vaughn* index. Under *Vaughn v. Rosen,* 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), agencies

---

7. In fact, Randle's only direct allegations involve his supervisor, Elsa Williams, who he claims was openly hostile due to his disability. Randle alleges that by tolerating Williams' alleged hostility towards him, the defendants exhibited a "pattern

and practice of handicap discrimination." Second Amended Complaint, ¶ 68. In opposing summary judgment, Randle presents no evidence to support his claim that the decisionmakers were motivated by his disability.

can justify the withholding of documents by submitting an affidavit: (1) describing withheld documents and the reasons for nondisclosure with reasonably specific detail; and (2) demonstrating that the withheld information falls within the claimed exemption. *See also Scherer v. Kelley,* 584 F.2d 170, 175–76 (7th Cir.1978), *cert. denied,* 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979). In addition, the *Vaughn* index must not be controverted by other evidence in the record. *See Stein v. Dept. of Justice,* 662 F.2d 1245, 1253 (7th Cir.1981). The defendants' certified index of withheld documents describes each document at issue with particularity; describes with reasonable specificity the information withheld; asserts FOIA exemptions for each document; and explains the basis of asserted exemptions. *See* Def. Ex. 14.

 Randle responds by noting that FOIA generally mandates broad disclosure. *See, e.g., FBI v. Abramson,* 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982). Randle also attacks the sufficiency of the defendants' *Vaughn* index. In particular, Randle contends that the defendants have failed to adequately describe the withheld documents or to justify nondisclosure. However, the court finds that the *Vaughn* index submitted by the defendants is sufficient; the defendants adequately describe the documents and the reasons for their nondisclosure. In particular, the defendants establish that nondisclosure was warranted under the confidential source exemption, 5 U.S.C. § 552(b)(7)(D), by attesting that sources agreed to provide information under the condition of confidentiality. *See Kimberlin v. Dept. of Treasury,* 774 F.2d 204, 208–09 (7th Cir.1985).

 The defendants establish that nondisclosure of particular documents was justified. Thus, the defendants demonstrate that they responded to Randle's FOIA request in a responsible and conscientious manner. *See Miller v. Bell,* 661 F.2d 623, 627 (7th Cir.1981), *cert. denied sub nom. Miller*

*v. Webster,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982).[8] Accordingly, the motion for summary judgment on Count III is granted.

### CONCLUSION

For the foregoing reasons defendants Lloyd M. Bentsen, *et al.*'s motion for summary judgment is granted. Judgment is entered for defendants and Lloyd M. Bentsen, the United States Secretary of Treasury, and Margaret M. Richardson, Commissioner of the United States Internal Revenue Service, and against plaintiff Roosevelt Randle.

---

**8.** Randle also argues that full disclosure was necessary for him to present his case before the merit board and asserts that the withholding of particular documents "can be seen as causing the [merit board] to deny the Plaintiff's request for relief." Response at 10. These arguments

are immaterial to the court's finding that nondisclosure was justified; balancing of the competing interests is not permitted in cases involving the confidential source exemption. *See Brant Const. Co. v. EPA,* 778 F.2d 1258, 1262–63 (7th Cir. 1985).