72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Virgie L. RICHARDS, Plaintiff-Appellant,
v.
GENERAL SERVICES ADMINISTRATION, Defendant-Appellee.
 No. 93-3319.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 12, 1995.*
Decided Dec. 11, 1995.
Rehearing Denied Feb. 7, 1996.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Virgie L. Richards, appearing pro se, appeals the district court's order dismissing her third amended complaint against the General Services Administration ("GSA") for lack of subject matter jurisdiction and for failure to exhaust her administrative remedies. For the reasons set forth below, we affirm.
 
 
 2
 Richards began working for the GSA as a teletypist in May of 1979. On November 12, 1985, during her employment with the GSA, Richards filed an Equal Employment Opportunity complaint ("EEO complaint") with the GSA alleging employment discrimination. In 1986, the GSA transferred Richards to a lower paying job at the Department of the Air Force. Richards' EEO complaint was subsequently denied. Richards then filed a complaint in district court against the GSA, various co-workers, her union, and her union representatives, making allegations of discrimination similar to those made in her EEO complaint. This complaint was amended three times. It is the district court's dismissal of Richards' third amended complaint which is the subject of the instant appeal.
 
 
 3
 In her third amended complaint, Richards made the following claims: (1) the GSA (the only named defendant) violated Section 704 of Title VII, 42 U.S.C. Secs. 2000e, et seq., by eliminating Richards' position at the GSA and transferring her to the Department of the Air Force in retaliation for filing an employment discrimination claim on November 12, 1985 (Count I); (2) the GSA's failure to place her in another position at the GSA was done in retaliation for her having filed a claim under the Federal Employee's Compensation Act and therefore in violation of the public policy of state and federal law (Count II); (3) the GSA's failure to place her in another position within the GSA was in violation of the Vocational Rehabilitation Act of 1973, 29 U.S.C. Sec. 791, et seq. (Count III); and (4) during her employment at the GSA, she was intentionally subjected to emotional distress (Count IV).
 
 
 4
 The GSA filed a motion to dismiss. However, judgment on Richards' third amended complaint was stayed for failure to exhaust administrative remedies. Thereafter, Richards sought administrative review of her claims of retaliatory transfer (Counts I and II of her third amended complaint) with the Merit System Protection Board ("MSPB"). The MSPB held a hearing to determine whether it had jurisdiction over Richards' claims of retaliatory transfer. After the hearing, the MSPB dismissed these claims for lack of jurisdiction stating that since Richards had failed to present a prima facie case of retaliatory transfer, there was no basis for administrative relief. After the MSPB's dismissal, Richards requested that the district court lift the stay of her third amended complaint. The district court lifted the stay and ruled on the GSA's motion to dismiss.
 
 
 5
 Regarding her claims of retaliatory transfer, the district court found that since Richards failed to state a claim of discrimination under Title VII, the final decision of the MSPB was reviewable only by the Court of Appeals for the Federal Circuit. Accordingly, the district court dismissed Counts I and II for lack of subject matter jurisdiction. Richards' claims of a violation of the Vocational Rehabilitation Act (Count III) and intentional infliction of emotional distress (Count IV) were dismissed without prejudice for failure to exhaust administrative remedies. Richards' timely appeal of the district court's dismissal of her third amended complaint follows.
 
 
 6
 Richards does not challenge the district court's finding that it was without subject-matter jurisdiction over Counts I and II of her third amended complaint. Nor does she contest the district court's dismissal of Count III. Accordingly, we will not disturb the district court's dismissal of these counts.
 
 
 7
 Richards does argue that the district court erred in dismissing Count IV, her claim for damages resulting from the GSA's alleged intentional infliction of emotional distress. In dismissing this count without prejudice, the district court stated that Richards' failure to exhaust her administrative remedies under the Federal Tort Claims Act, 28 U.S.C. Secs. 2671, et seq., precluded review of this claim in district court. We agree. See Moon v. Phillips, 854 F.2d 147, 152 (7th Cir.1988).
 
 
 8
 Richards additionally claims that since the deficiencies in her third amended complaint were the result of ineffective assistance of her court appointed counsel, the district court's dismissal of her complaint should be reversed. This claim is spurious. It is well-settled that ineffective assistance of counsel cannot be grounds for reversal in a civil case. See United States v. 7108 West Grand Avenue, Chicago, Illinois, 15 F.3d 632, 635 (7th Cir.), cert. denied, 114 S.Ct. 2691 (1994).
 
 
 9
 Richards' remaining claims are not relevant to the district court's dismissal of her third amended complaint.
 
 
 10
 Accordingly, the district court's dismissal of Richards' third amended complaint is AFFIRMED.
 
 
 11
 RIPPLE, Circuit Judge, dissenting.
 
 
 12
 I respectfully dissent from that portion of the Board's order that affirms the dismissal of Counts I and II.
 
 
 13
 Because Ms. Richards is proceeding without counsel, her brief is entitled to a liberal construction. Whitford v. Boglino, 63 F.3d 527, 535 (7th Cir.1995). Although she does not specifically argue that the district court's determination that it was without subject matter jurisdiction was erroneous, she does contest the basis for this finding; she submits that she has presented a valid claim of discrimination under Title VII. Accordingly, considering Ms. Richards' pro se status, she has presented a challenge to the district court's dismissal of Counts I and II for lack of subject matter jurisdiction.
 
 
 14
 The Civil Service Reform Act permits federal employees to appeal certain adverse employment actions to the MSPB. See 5 U.S.C. Secs. 7701, et seq. After a final decision by the MSPB, an aggrieved employee may seek judicial review of the Board's action. Ordinarily, review occurs in the United States Court of Appeals for the Federal Circuit. 5 U.S.C. Sec. 7703(b)(1). However, when an employee asserts a claim of discrimination under section 704 of Title VII, 42 U.S.C. Secs. 2000e, et seq., or in mixed cases of discrimination and other claims, the individual may file an action in an appropriate district court. Randle v. Bentsen, 19 F.3d 371, 373 (7th Cir.1994); 5 U.S.C. Sec. 7703(b)(2). In these cases, the complainant is entitled to a de novo review of the facts surrounding her discrimination claims. 5 U.S.C. Sec. 7703(c). In a mixed case, claims not involving Title VII discrimination are to be reviewed on the basis of the administrative record. Id.
 
 
 15
 In determining jurisdiction under Sec. 7703, we must look to the well-pleaded complaint. Randle, 19 F.3d at 374. Therefore, if Ms. Richards' complaint contains no real allegation of discrimination under Title VII, the district court properly dismissed Counts I and II for lack of subject matter jurisdiction. 5 U.S.C. Sec. 7703(b)(1); Randle, 19 F.3d at 374. However, if the complaint properly alleges discrimination, then the district court's dismissal of Counts I and II was in error. 5 U.S.C. Sec. 7703(b)(2); Randle, 19 F.3d at 374.
 
 
 16
 In determining that Ms. Richards' claim of retaliatory transfer was frivolous (and, therefore, finding that Ms. Richards' complaint had no "real" allegation of discrimination), the district court wrote as follows:
 
 
 17
 Richards alleges no facts in the complaint and presented no evidence at the MSPB hearing which would establish a causal connection between her transfer to the Air Force and her EEOC claims, her workers' compensation claims, or her alleged physical disabilities.
 
 
 18
 R. 64 at 11. With respect, I cannot agree for two reasons. First, the district court erred in considering the evidence submitted by Ms. Richards at the MSPB hearing to determine whether it had subject matter jurisdiction; jurisdiction is determined on the basis of the well-pleaded complaint. Randle, 19 F.3d at 374. The complainant is entitled to a trial de novo on her discrimination claims. 5 U.S.C. Sec. 7703(c). In addition, the district court's requirement that Ms. Richards allege specific facts to establish a causal connection between her transfer to the Air Force and her EEOC claims is in error. Although it is true that "the 'mere mention of discrimination' should not suffice to vest jurisdiction with the district court," Randle, 19 F.3d at 374 (citing Hill v. Department of the Air Force, 796 F.2d 1469, 1470 (Fed.Cir.1986)), we must also be mindful that
 
 
 19
 'the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'
 
 
 20
 Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160, 1163 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1975)).
 
 
 21
 In my view, Ms. Richards has pleaded sufficiently her claim of discrimination under Title VII. An employer's retaliation to an employee's opposition of an employment practice made unlawful by Title VII is a form of employment discrimination prohibited by Title VII. See 42 U.S.C. Sec. 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge ... under this subchapter."); 29 C.F.R. Sec. 1613.261 (EEOC) ("It is unlawful to ... discriminate against complainants ... because [they] filed a charge of discrimination...."); see also Washington v. Garrett, 10 F.3d 1421, 1435 (9th Cir.1993); Smith v. Horner, 846 F.2d 1521, 1524 (D.C.Cir.1988). In Count I, Ms. Richards claims that her "layoff from the General Services Administration and the Agency's failure to place her in a position within the General Services Administration was done in retaliation for her having filed, and participated in the investigation of, her claim of discrimination of November 12, 1985 in violation of Title VII of the Civil Rights Act of 1964." R. 42 at 4. Count II contains similar allegations. Ms. Richards' complaint sets forth a claim of retaliatory transfer; she has alleged that she filed a claim of discrimination under Title VII,[1] that she was transferred from the GSA to a less desirable position with the Air Force, and that this transfer was done in retaliation for filing the discrimination claim.[2] 42 U.S.C. Sec. 2000e-3(a); 29 C.F.R. Sec. 1613.261; see also Alexander v. Gerhardt Enters., Inc., 40 F.3d 187, 195 (7th Cir.1994) (In order to state a prima facie claim of retaliatory discharge under Title VII, an employee must establish that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there was causal link between the protected expression and the adverse action.").
 
 
 22
 Because Ms. Richards has stated a claim of retaliatory transfer, a form of discrimination under Title VII, 42 U.S.C. Sec. 2000e-3, the district court had jurisdiction over her complaint under Sec. 7703(b). Accordingly, I would reverse the district court's dismissal of Counts I and II for lack of subject matter jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Ms. Richards' November 12, 1985 claims of discrimination in her EEO complaint included allegations of sex- and race-based discrimination. Both are prohibited by Title VII, 42 U.S.C. Sec. 2000e-2(a)(1)
 
 
 [2]
 We note that Ms. Richards' claims of discrimination in her 1985 EEO complaint were not successful. Nonetheless, an employee need not succeed on her discrimination claims in order to make out a case of retaliatory discharge. "The test is whether she reasonably believed in good faith that the practice she opposed violated Title VII." Alexander v. Gerhardt Enters., Inc., 40 F.3d 187, 195 (7th Cir.1994). As mentioned above, Ms. Richards' EEO complaint included allegations of sex- and race-based discrimination. Clearly, anyone would reasonably believe these types of discrimination to be actionable under Title VII