129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew LOCKHART, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Marvin T. Runyon, Jr.,
Postmaster General, Gene Mills, Agency
Representative, Defendants-Appellees.
 No. 97-1676.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 20, 1997*
November 20, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 96-CV-339RP; Robin D. Pierce, Magistrate Judge.
 Before Posner, Chief Judge, Bauer and Evans, Circuit Judges.
 
 ORDER
 
 1
 Andrew Lockhart was removed from his employment with the United States Postal Service. After unsuccessfully pursuing his administrative remedies, Lockhart filed this action in the district court contesting the entry of a settlement by the Merit Systems Protection Board (MSPB) which resolved his complaint and dismissed his appeal. The district court dismissed Lockhart's petition for lack of subject matter jurisdiction because jurisdiction rested solely with the United States Court of Appeals for the Federal Circuit. On appeal, Lockhart's main contention is that he presents a mixed case of discrimination and other issues and therefore the federal district court does have subject matter jurisdiction. We agree with Lockhart and remand this case for further consideration consistent with this order.
 
 
 2
 The issue on appeal is whether Lockhart's petition presents a mixed case of discrimination and other issues and therefore falls within the exception to the general rule that only the United States Court of Appeals for the Federal Circuit has jurisdiction to review final orders and decisions of the MSPB. See 5 U.S.C. § 7703(b)(1)-(2); Randle v. Bentsen, 19 F.3d 371, 373 (7th Cir.1994). We review the district court's dismissal for lack of subject matter jurisdiction de novo. See Monroe v. Missouri Pacific R. Co., 115 F.3d 514, 516 (7th Cir.1997).
 
 
 3
 On May 6, 1995, Lockhart was removed from his position with the United States Postal Service. On June 5, 1995, Lockhart filed a timely appeal with the MSPB.[1] Since the record does not contain Lockhart's entire MSPB appeal, it is difficult to ascertain the exact nature of Lockhart's appeal. However, in his MSPB appeal, Lockhart cites the Civil Rights Laws of 1957, 1964 and 1973, as well as the Rehabilitation Act of 1973. Whatever the exact nature of Lockhart's appeal, it is apparent that Lockhart believes his removal from the United States Postal Service was for discriminatory reasons. On August 11, 1995, over the objection of Lockhart, the Administrative Law Judge (ALJ) found that the parties had reached a settlement and dismissed Lockhart's appeal. In May of 1996, Lockhart filed this action in federal district court contesting the ALJ's decision to enter the settlement. On March 3, 1997, the case was dismissed for lack of subject matter jurisdiction. Lockhart then appealed to this court.
 
 
 4
 As a general rule, only the United States Court of Appeals for the Federal Circuit has jurisdiction to review final orders and decisions of the MSPB. See 5 U.S.C. § 7703(b)(1); Randle, 19 F.3d at 373. The exception to the general rule arises "in cases of discrimination or in mixed cases of discrimination and other claims" which can be taken to an appropriate federal district court. See 5 U.S.C. § 7703(b)(2); Randle, 19 F.3d at 373.
 
 
 5
 Lockhart's complaint does more than mention discrimination, it arises out of it. In Lockhart's appeal to the MSPB, he complains that his removal from the Postal Service was for discriminatory reasons. There is no doubt that if the MSPB had merely dismissed Lockhart's appeal that the district court would have subject matter jurisdiction. In the present case, the district court tried to distinguish between the underlying allegation of discrimination and the settlement agreement. We believe this is too fine a distinction to make. While it is true that Lockhart's main contention is with the ALJ's decision to enter the settlement agreement into effect, it is reasonable to read Lockhart's complaint as contesting the initial discriminatory removal by the Postal Service as well. It is this underlying charge of discrimination which vests subject matter jurisdiction in the district court. See Randle, 19 F.3d at 374 ("We are required to accept these allegations as true, even if they appear unlikely. The district court did not give these allegations sufficient regard; therefore it erred in dismissing the discrimination claims.").
 
 
 6
 While Lockhart's original motion for relief in the district court lists August 4, 1995 (the date of the settlement) as the first date of any discriminatory acts, it is clear from a broad review of the record as a whole, and in particular Lockhart's MSPB appeal, that Lockhart was also contesting his allegedly discriminatory removal from the United States Postal Service. As stated above, Lockhart's appeal to the MSPB alleges that his termination was in violation of the Civil Rights Laws of 1957, 1964 and 1973 and the Rehabilitation Act of 1973. Lockhart references his discriminatory termination from the Postal Service in both the papers he submitted to the district court and his initial brief to this court. Although Lockhart's complaint is somewhat disjointed, it should be read to be a mixed case of discrimination (removal from the Postal Service) and other issues (the settlement), thereby satisfying the exception to the general rule contained in § 7703(b)(2) and Randle.
 
 
 7
 Lockhart's contentions that (1) the district abused its discretion by allowing the defendant's to substitute an original affidavit for a copy; and (2) that the defense counsel should be sanctioned for referring to his complaint as "gripe" and for interfering "with the appellant's privilege with the U.S. Court of Appeals for the Federal Circuit with a fax of inquiry of the appellant's court injunction ..." are without merit and need not be addressed by this court.
 
 
 8
 In light of this order, appellant's motion to suspend this case or in the alternative reconsider appointing counsel is denied as moot.
 
 
 9
 REVERSED AND REMANDED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Only certain types of adverse job actions are subject to MSPB review. See 5 U.S.C. § 7512. One such action is removal from federal employment